CAUSE NO. 2020-16229

| | | |
|---|---|---|
| HOLMES PROSTHETIC CENTER L.L.C. | § § § | IN THE DISTRICT COURT |
| Plaintiff | § § | |
| v. | § § | 189th JUDICIAL DISTRICT |
| ZURICH AMERICAN INSURANCE COMPANY AND SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. | § § § § § | |
| Defendants | § § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

HOLMES PROSTHETIC CENTER L.L.C., Plaintiff herein, complains of ZURICH AMERICAN INSURANCE COMPANY ("Zurich") AND SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. ("Sedgwick"), Defendants herein, and for cause of action shows:

### 1. Selection of Discovery Level

Plaintiff affirmatively pleads that it seeks only monetary relief and that discovery should be conducted in accordance with a discovery control plan under Tex. R. Civ. P. 190.3.

### 2. Statement of Relief Sought

Plaintiff seeks monetary relief in an amount over $200,000 but less than $1,000,000. The damages sought are within the jurisdictional limits of the court.

### 3. Parties and Service of Citation

Plaintiff HOLMES PROSTHETIC CENTER L.L.C. is a Texas limited liability company.

1

Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. is a foreign corporation with authority to transact business in Texas, and citation may be served on Defendant SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3136.

Defendant ZURICH AMERICAN INSURANCE COMPANY is an insurance company with an active license in the State of Texas, and citation my be served on Defendant ZURICH AMERICAN INSURANCE COMPANY by serving its agent for service of process CORPORATION SERVICE COMPANY at 211 E 7th Street, Suite 620 Austin, TX 78701-3218.

### 4. Factual History

On or about July 17, 2019, Plaintiff's patient, Robert Duron, (the "Insured") presented with the need for a new, above the knee prothesis.   Plaintiff submitted a request to the Insured's insurance company for the precertification and approval to make and fit the prosthesis for the Insured.   On or about July 26, 2019, Zurich's payor, Sedgwick, provided Plaintiff with the precertification and approval as a medical necessity for the Insured's prosthesis.

On or about September 12, 2019, the Insured receive his prosthesis, and Plaintiff billed Sedgwick and Zurich for the medical services rendered to their Insured in the amount of $146,817.93. On or about October 8, 2019, Plaintiff received a denial from Sedgwick with the explanation for denial as "payment denied/reduced for absence of precertification/authorization.". Immediately upon receipt of the denial, Plaintiff contacted Sedgwick's adjuster, Mae Robinson, to explain that it had in fact obtained the precertification and authorization to move forward with the

2

prosthesis. Nevertheless, Ms. Robinson advised Plaintiff that Zurich was not responsible for the Insured's new prosthesis and that Plaintiff should seek payment directly from the Insured.

After several additional attempts to discuss the matter with Ms. Robinson and Ms. Robinson's supervisor, on or about October 29, 2019, Plaintiff resubmitted the bill for reconsideration on denial. On or about November 20, 2019, Plaintiff again telephoned Sedgwick and spoke to an individual named Leah, and Leah informed Plaintiff that the appeal had been received on November 12, 2019, and that the denial was being upheld. Leah further advised Plaintiff the appeal was final with no further appeals available.

### 5. Causes of Action

#### A. Misrepresentation

Plaintiff's specially made and fitted a prosthesis for Defendants' Insured in reliance upon the precertification and approval of coverage from Defendants. At the time, Defendants knowingly made false representations as to material facts to, or knowingly concealed all or part of material information from, Plaintiff with the intent of inducing Plaintiff to specially make and fit the prosthesis for Defendants' Insured. The representations were material and Plaintiff would not have specially made and fitted the prosthesis but for the Defendants certification. The Defendants' representations were relied on by Plaintiff to Plaintiff's substantial injury and damage.

#### B. Negligent Misrepresentation

Defendants made the precertification representation in the course of their business as the insurance company for the Insured. Defendants' provided the false information for the guidance of Plaintiff, specifically whether Plaintiff would be paid for specially making and fitting the prosthesis for Defendants' Insured and Plaintiff relied on the precertification when it specially

3

made and fitted the prosthesis for the Defendants' Insured.  Defendants failed to communicate to the Plaintiff before it specially made and fitted the prosthesis, that it would not pay for the prosthesis.  Defendants negligent misrepresentation proximately caused Plaintiff's injury.

### B. Quantum Meruit

Plaintiff rendered services by specially making and fitting the prosthesis to the Insured directly, and as a result of Plaintiff's rendition of the services conferred a benefit on the Defendants' Insured.  The Insured accepted the benefit of Plaintiff's services and Defendants subsequently refused to pay for the services that Defendants certified were a medical necessity under the Insured's coverage.  The Defendants' Insured will be unjustly enriched if Plaintiff is not paid for the services it rendered to Defendants' Insured.

### C. Promissory Estoppel

Defendants certified the medical necessity of the prosthesis for the Insured.  Plaintiff sought the precertification so that before it specially made and fitted the prosthesis to assure it would receive payment for the services rendered.  Defendants knew or should have foreseen Plaintiff's reliance on Defendants' certification.  Plaintiff clearly relied on Defendants' certification to its detriment when it specially made and fitted the prosthesis for Defendants' Insured for which Defendants' now refuse to pay.

### 5. Attorneys' Fees

Plaintiff presented the claim to Defendants on or about September 12, 2019 and again on or about October 29, 2019. More than 30 days after the date of the demand for payment, payment for the just amount owed has not been made.  As a result of Defendants failure to pay the claim,

Plaintiff has been required to retain legal counsel to bring this suit. Plaintiff is, therefore, entitled to recover reasonable attorneys' fees.

WHEREFORE, Plaintiff requests that the Defendants be cited to appear and answer, and that on final trial, Plaintiff have:

1.   Judgment against the defendant for actual damages in a sum within the jurisdictional limits of the court, together with prejudgment interest as provided by law.

2.   Interest after judgment as provided bylaw.

3.   Attorneys' Fees.

4.   Costs of suit.

5.   Such other and further relief to which the plaintiff may be entitled.

Respectfully submitted,

MANFRED STERNBERG & ASSOCIATES, P.C.

Manfred Sternberg
SBN: 19175775
1700 Post Oak Blvd. Suite 600
Houston, TX 77056
Telephone: (713) 622-4300
Facsimile: (713) 622-9899
Email: manfred@msternberg.com

COUNSEL FOR PLAINTIFF

5