IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOLMES PROSTHETIC CENTER LLC | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-CV-1633 |
| ZURICH AMERICAN INSURANCE COMPANY AND SEDGWICK CLAIMS MANAGEMENT SERVICES INC. | § § § § | |
| *Defendants*. | § § | |

**DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES INC.'S
ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendant SEDGWICK CLAIMS MANAGEMENT SERVICES INC. ("Defendant"), by and through its undersigned counsel, and file this its Original Answer, Demand for Jury Trial, and Request for Disclosure, in response to the causes of action brought by Plaintiff HOLMES PROSTHETIC CENTER LLC. In support, Defendant would respectfully show the Court as follows:

**1.   SELECTION OF DISCOVERY LEVEL**

No response is required.

**2.   STATEMENT OF RELIEF SOUGHT**

No response is required.

**3.   PARTIES AND SERVICE OF SITATION**

Defendant admits it is a foreign corporation. Defendant Sedgwick is organized under the laws of the State of Illinois and has its principal place of business in Memphis, Tennessee.

Sedgwick is thus a citizen of Illinois and Tennessee for diversity jurisdiction purposes.

Defendant admits Zurich American Insurance Company ("Zurich") is a foreign corporation. Defendant Zurich is an insurance company organized under the laws of the State of New York and has its principal place of business in Schaumburg, Illinois. Zurich is thus a citizen of New York and Illinois for diversity jurisdiction purposes.

## 4. FACTUAL HISTORY

Defendant admits it received the request for a prosthesis, but denies it provided precertification, preauthorization, and/or approval for coverage under the policy. Defendant denies Plaintiff's characterization of the "factual history" of the dispute.

## 5. CAUSES OF ACTION

### A. Misrepresentation

Defendant denies the entirety of the Misrepresentation Section of Plaintiff's petition.

### B. Negligent Misrepresentation

Defendant denies the entirety of the Negligent Misrepresentation Section of Plaintiff's petition.

### B. Quantum Meruit[1]

Defendant denies the entirety of the Quantum Meruit Section of Plaintiff's petition.

### C. Promissory Estoppel

Defendant denies the entirety of the Promissory Estoppel Section of Plaintiff's petition.

## 5. ATTORNEYS' FEES[2]

Defendant denies Plaintiff is entitled to attorneys' fees in this case.

---

[1] Plaintiff's Original Petition contains two Subsections labeled B.
[2] Plaintiff's Original Petition contains two Sections labeled 5.

Defendant denies Plaintiff is entitled to the relief requested in its "WHEREFORE" paragraph.

## ALTERNATIVE AND/OR AFFIRMATIVE DEFENSES AND DENIALS

Without waiving the foregoing, Defendant asserts the following conjunctive or alternative affirmative defenses:

1. Defendant asserts that Plaintiff's claims are barred against Defendant, in whole or in part, because Plaintiff has failed to exhaust all administrative remedies prior to filing this lawsuit. Because Plaintiff has requested the court act on a controversy still subject to administrative review before the agency has been allowed to complete its own decision and review process, Plaintiff's claims should be barred until all other administrative remedies have been sought and decided.

2. Defendant asserts that the negligence and/or actions of Plaintiff were, in whole or part, a proximate cause or producing cause of the occurrence in question and/or the alleged damages.

3. Defendant asserts that the occurrence in question and/or the alleged damages were proximately caused and/or were the effect of a producing cause, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties, persons, or entities over whom Defendant has no right of control nor for whom Defendant is legally responsible. Furthermore, to the extent the acts and/or omissions for which Plaintiff complains were committed by persons subject to Defendant's supervision and control, Plaintiff's claims are barred against Defendant, in whole or in part, because said persons acted beyond the scope of their authority to act on behalf of Defendant.

4. Defendant asserts that Plaintiff's claims are barred against Defendant, in whole or in part, because the occurrence in question and the alleged damages, if any, occurred as the proximate result of some independent intervening cause which Defendant could not reasonably have foreseen and over which Defendant does not exercise any authority or control.

5. Defendant asserts that, in the event Defendant is found liable to Plaintiff, any such liability being expressly denied, Defendant is entitled to contribution, credit, and/or indemnity, as provided by the laws and statutes of the State of Texas including, but not limited to, the provisions of Chapters 32 and 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, as well as submitting issue of proportionate fault and/or proportionate responsibility to assigned by the tier of fact, as well as other applicable laws and statutes.

6. Defendant asserts that Plaintiff failed, either in whole or in part, to mitigate damages as required under applicable law.

7. Plaintiff's claims and the damages it seeks are barred because Plaintiff has failed to comply with or satisfy conditions precedent.

8. Defendant is entitled to an offset and/or credit for any settlements and/or payments made.

9. Defendant is not liable to Plaintiff and does not owe the amounts claims and, thus, any payment would constitute unjust enrichment.

10. Pleading further and in the alternative, without waiving the foregoing, Defendant asserts that, if any exemplary damages are awarded, said damages are subject to the statutory limit set forth in the TEXAS CIVIL PRACTICE AND REMEDIES CODE § 41.001, *et. seq.*, other applicable statutory authority, and common law. Furthermore, any award of exemplary damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United

States Constitution and by Section 19 of Article 1 of the Texas Constitution, unless Plaintiff proves Defendant's liability for exemplary damages, and the amount of exemplary damages, if any, by clear and convincing evidence.

11. Without waiving the foregoing and for further answer, if any be necessary, Defendant reserves the right to amend his answer to Plaintiff's allegations in accordance with the Federal Rules of Civil Procedure and/or other applicable law.

## DEMAND FOR JURY TRIAL

12. Defendant hereby makes a demand for a jury trial in this cause. A jury fee is being paid simultaneously (or will be paid) with the filing of this demand.

## PRAYER

Defendant prays Plaintiff take nothing by reason of this suit, that Defendant herein be released, discharged and found not liable to Plaintiff, that the parties go hence with their costs, without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant is justly entitled.

Respectfully submitted,

SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP

By: */s/ Bruce R. Wilkin*
    **Bruce R. Wilkin**
    Attorney In Charge
    Texas Bar No. 24053549
    SDTX Bar No. 641898
    bwilkin@shackelford.law
    717 Texas Avenue, 27th Floor
    Houston, Texas 77002
    Phone: (832) 415-1801
    Fax: (832) 565-9030

ATTORNEY FOR DEFENDANT
SEDGWICK CLAIMS MANAGEMENT SERVICES INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system and/or Certified Mail, Return Receipt Requested, on May 15, 2020.

| | |
|---|---|
| Manfred Sternberg | *Via electronic service* |
| Manfred Sternberg & Associates, P.C. | *and/or Certified Mail / RRR* |
| 1700 Post Oak Blvd. Suite 600 | |
| Houston, TX 77056 | |
| Telephone:  (713) 622-4300 | |
| Facsimile:   (713) 622-9899 | |
| Email: manfred@msternberg.com | |

**ATTORNEY FOR PLAINTIFF**

                                          */s/ Bruce R. Wilkin*
                                            Bruce R. Wilkin